UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
Jamel CLARK,

                    Plaintiff,

        -against-

Ilene STANISZEWSKI, Senior Parole
Officer; Juliette BYRD, Parole Officer
of the New York State Department of Corrections
and Community Services,

                  Defendants.
------------------------------------------------------------x
ROSS, United States District Judge:

NOT FOR PUBLICATION

15 CV 2863 (ARR)

MEMORANDUM AND ORDER

        Plaintiff Jamel Clark, currently incarcerated at Ogdensburg Correctional Facility, brings

this pro se action pursuant to 42 U.S.C. § 1983, and alleges that his constitutional rights were

violated by defendants' testimony. Plaintiff's request to proceed in forma pauperis pursuant to

28 U.S.C. § 1915 is granted. For the reasons stated below, plaintiff's complaint is dismissed for

failure to state a claim upon which relief may be granted.

### Background

        On June 17, 2011, defendants entered plaintiff's residence, handcuffed him, and removed

him to a police car. Compl. at 3, ¶ IV. Defendants, along with New York Police Department

officers, then searched the residence and found drugs and an unspecified weapon. Compl. at 4.

As a result, plaintiff was arrested, defendants initiated parole revocation proceedings against him,

and the NYPD initiated a felony complaint against him. Id.

        On July 5, 2011, a parole hearing officer found there was no probable cause for

revocation, so plaintiff was restored to parole supervision. Compl. at 4. However, plaintiff remained in custody on the drug and weapon charges. Defendant Juliette Byrd testified before a grand jury and plaintiff alleges that her testimony "was a clear misrepresentation of the facts of what took place at the Revocation Probable Cause hearing." Compl. at 5. Moreover, plaintiff alleges that Byrd's "misleading misrepresentation of facts ... were enough to give the grand jury the impression that [plaintiff] did something wrong" even though "Parole Hearing Officer Yolanda Hernandez found no probable cause." Compl. at 5.

Next, plaintiff alleges that defendant Staniszewski provided inaccurate testimony at an unspecified proceeding on January 2, 2014.[1] Compl. at 5. Staniszewski testified that plaintiff had "violated a condition of his parole," even though by that time she "was well aware that the [plaintiff] had done nothing wrong." Id. It is unclear whether plaintiff considers this to be an independent claim against Staniszewski, or whether he meant to illustrate the continuing harms of Byrd's misconduct.

### Standard of Review

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. A district court shall dismiss a prisoner complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b); Liner v. Goord, 196 F.3d 132,134 & n.1 (2d Cir. 1999) (noting that sua sponte dismissal of frivolous prisoner complaints is not only permitted, but mandatory).

---

[1] The dates in the complaint are not reliable. For example, plaintiff refers to a parole hearing on July 15, 2015, which at the time of this order, is three weeks in the future.

2

At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. <u>Kiobel v. Royal Dutch Petroleum Co.</u>, 621 F.3d 111, 123 (2d Cir. 2010) (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007); <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980).

## Discussion

### 1. Section 1983 Immunity for Grand Jury Witnesses

To make a Section 1983 claim, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." <u>Cornejo v. Bell</u>, 592 F.3d 121, 127 (2d Cir. 2010) (quoting <u>Pitchell v. Callan</u>, 13 F.3d 545, 547 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." <u>Sykes v. James</u>, 13 F.3d 515, 519 (2d Cir. 1993).

In <u>Rehberg v. Paulk</u>, --- U.S. ----, 132 S.Ct. 1497, 1506 (2012), the Supreme Court held that a grand jury witness, including a law enforcement officer, "has absolute immunity from any § 1983 claim based on the witness's testimony," even if that testimony is perjurious. <u>See also</u> <u>Coggins v. Buonara</u>, 776 F.3d 108 (2d Cir. 2015) ("If a § 1983 claim against a police officer for fabrication of evidence or other unlawful conduct is based on the officer's grand jury testimony,

3

the officer enjoys absolute immunity"); see also Sykes, 13 F.3d at 519 (parole officer entitled to absolute immunity as a witness to a judicial proceeding for making allegedly perjurious statements in affidavit submitted in connection with such judicial proceeding).

Here, because plaintiff's § 1983 claim arises entirely from defendant Byrd's testimony before the grand jury, Byrd must be afforded absolute immunity.

## 2. Staniszewski's Testimony

Plaintiff's complaint does not indicate whether Staniszewski testified at the grand jury or at some other proceeding. If defendant Staniszewski testified at a grand jury or at trial, she is immune from suit for the same reasons as defendant Byrd. See Rehberg, 132 S.Ct. at 1506. However, the vagueness of the complaint leaves open the possibility that Stansizewski testified at some other type of hearing, where her immunity might be in doubt.

## 3. Leave to Replead

Whereas ordinarily the court would allow plaintiff an opportunity to amend his complaint, it need not afford that opportunity here as to any allegations related to grand jury testimony, where it is clear that defendants are immune from suit. Any attempt to amend the complaint to pursue such claims would be futile. See Ashmore v. Prus, 510 Fed. Appx. 47, 49 (2d Cir. 2013) (leave to amend is futile where barriers to relief cannot be surmounted by reframing the complaint). Thus, plaintiff may amend the complaint, but only to include claims that are not barred by grand jury immunity.

### Conclusion

Accordingly, plaintiff's claim for misconduct related to grand jury testimony is dismissed with prejudice for failure to state a claim upon which relief may be granted.

In an abundance of caution, the court grants plaintiff leave to file an amended complaint by July 23, 2015. <u>Cruz v. Gomez</u>, 202 F .3d 593 (2d Cir. 2000). The amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure and should explain, at minimum, precisely when and where defendant Staniszewski testified, why her testimony was inaccurate, and what harm it caused the defenant. Without this information, the court cannot construe any claim against Staniszewski.

Plaintiff is advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, plaintiff must include in the amended complaint all the necessary information that was contained in the original complaint. The amended complaint must be captioned as an "Amended Complaint" and should the same docket number as this order: 15-CV-2863.

If plaintiff fails to comply with this order by July 23, 2015, the court will enter a judgment dismissing this action. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. <u>Coppedge v. United States</u>, 269 U.S. 438, 444-45 (1962).


SO ORDERED

s/Allyne R. Ross
—————————————————
ALLYNE R. ROSS
United States District Judge

Dated: June 23, 2015

Brooklyn, New York